**Fernando FERNANDEZ–LEON, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71657.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

Peter Doung, Alvarez & Doung, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ethan B. Kanter, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Mark L. Gross, Esq., DOJ—U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

## MEMORANDUM **

Fernando Fernandez–Leon, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals ("BIA") decision affirming the ruling of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA adopts the decision of the IJ, this court reviews the IJ's decision as if it were that of the BIA. *See Hoque v. Ashcroft,* 367 F.3d 1190, 1194 (9th Cir.2004). We review for substantial evidence, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny the petition.

Because Fernandez–Leon did not raise his CAT claim before the BIA, that claim is unexhausted, and this court does not have jurisdiction to consider it. *See Morales–Alegria v. Gonzales,* 449 F.3d 1051, 1059 (9th Cir.2006).

Similarly, this court does not have jurisdiction to consider Fernandez–Leon's voluntary departure claim. *See Oropeza–Wong v. Gonzales,* 406 F.3d 1135, 1141 (9th Cir.2005).

The IJ's denial of withholding of removal is supported by substantial evidence because Fernandez–Leon's claim was based on the mere possibility that he would be the victim of crime upon returning to Mexico, or targeted by the corrupt Mexican government, both of which eventualities are highly speculative. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003) (declining to credit a speculative future persecution claim). Furthermore, Fernandez–Leon did not demonstrate that he would be targeted on account of race, religion, nationality, membership in a particular social group, or political opinion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Fernandez–Leon is not petitioning for review of the IJ's denial of his application for asylum.

