**Carlos Rene RIVAS–GOMEZ,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 03–72087.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Filed March 22, 2007.

Phillip Smith, Hecht & Smith, Nicole Hope Nelson, Portland, OR, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Leslie McKay, Esq., Keith Ian McManus, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before LEAVY and TROTT, Circuit Judges, and POLLAK *, Senior Judge.

## MEMORANDUM **

■ This petition for review attempts to raise the question of whether a conviction under Oregon Revised Statutes ("ORS") § 163.355 (rape in the third degree), which criminalizes as a felony "sexual intercourse with another person under 16 years of age," constitutes an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(A). We conclude, however, that this issue is not properly before us because it was not raised either before the Immigration Judge ("IJ") or with the Board of Immigration Appeals ("BIA") on appeal from the IJ's decision. *Rivas–Gomez* raised this issue for the first time in a motion to reconsider filed with the BIA, a motion that was denied on the correct ground that it was "inappropriate to make such an argument for the first time in a motion to reconsider." Petitioner did not challenge this ruling in a petition for review.

■ "As a general rule, issues not raised before an administrative tribunal cannot be raised on appeal from that tribunal." *Bagues–Valles v. INS,* 779 F.2d 483, 484 (9th Cir.1985); see INA § 242(d)(1), 8 U.S.C. § 1252(d)(1) (providing that a "court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right...."); *Ochave v. INS,* 254 F.3d 859, 867 (9th Cir.2001) ("Failure to raise an issue on appeal to the BIA constitutes a failure to exhaust remedies with respect to the question and deprives this court of jurisdiction to hear the matter.") (internal quotation marks and citation omitted). None of the exceptions—including the futility exception—applies in this case.

Consequently, we are without jurisdiction to consider *Rivas–Gomez's* summary allegations, and that part of his petition is ordered dismissed.

However, because the IJ erroneously applied a heightened standard when deciding whether to grant a waiver under 8 U.S.C. § 1159(c), we grant the petition in part, and remand.

---

* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## BACKGROUND

Carlos Rene Rivas–Gomez ("*Rivas*"), a native and citizen of Guatemala, entered the United States in 1997 as an asylee. In 2001, Rivas pleaded guilty to felony rape in the third degree pursuant to ORS § 163.355. He was placed on three years' formal probation under Oregon's "Sex Offender Provisions." These provisions made Rivas eligible under Oregon law for registration and supervision as a "predatory sex offender." ORS § 181.585–181.592. The charge arose out of a sexual relationship between Rivas, who was nineteen years old at the time, and a fourteen-year-old girl. The Immigration and Naturalization Service ("INS")[1] initiated removal proceedings against Rivas pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), which renders deportable "any alien who is convicted of an aggravated felony at any time after admission."

The IJ terminated Rivas's asylee status and ordered Rivas removed to Guatemala, finding that Rivas's conviction for rape in the third degree constituted an aggravated felony, and denying Rivas's application for a waiver under 8 U.S.C. § 1159(c). The BIA summarily affirmed the IJ's decision, rendering the IJ's decision the final agency determination. *Thomas v. Gonzales*, 409 F.3d 1177, 1182 (9th Cir.2005).

In supplemental briefing in our court, Rivas argues that the IJ erred when he applied a heightened standard to Rivas's waiver application. We agree.

Despite his aggravated felony conviction, Rivas remained eligible to apply for adjustment of status. However, because his conviction was for a "crime involving moral turpitude," 8 U.S.C. § 1182(a)(2)(A)(i)(I), Rivas was not admissible unless he ob-

tained a waiver under 8 U.S.C. § 1159(c), which provides that the Attorney General "may waive" application of § 1182 "for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest." Rivas asserts that the IJ erred when he applied the heightened, "extreme hardship" standard when he denied Rivas's waiver application, raising two legal arguments.

First, he asserts that in *Matter of Jean*, 23 I. & N. Dec. 373, 2002 WL 968631 (A.G.2002), the Attorney General exceeded his statutory authority by imposing a heightened waiver standard for aliens convicted of violent or dangerous crimes. Second, he argues that the IJ erred in applying the heightened standard in his case without first determining that Rivas's aggravated felony conviction was for a violent or dangerous crime.

*Jean* concerned a § 1182 waiver for a female alien who had been convicted of second-degree manslaughter in connection with the death of a nineteen-month-old child that had been left in her care. Reversing the BIA's grant of the waiver, the Attorney General determined that "evaluations of requests for waivers of inadmissibility ... cannot ... focus solely on family hardships, but must consider the nature of the criminal offense that rendered an alien inadmissible in the first place." *Id.* at 383. The Attorney General stated that "violent or dangerous individuals" would not be granted a waiver "except in extraordinary circumstances, such as those involving national security or foreign policy considerations, or cases in which an alien clearly demonstrates that the denial of status adjustment would result in exceptional and extremely unusual hardship." *Id.*

---

1. Pursuant to the Department of Homeland Security Reorganization Plan, as of March 1, 2003, the INS was abolished and its functions were transferred to the Department of Homeland Security. *See* 6 U.S.C. § 542.

Rivas's first argument that the Attorney General exceeded his statutory authority in *Jean* by adopting a heightened standard is foreclosed by our decision in *Ayala–Chavez v. INS*, 944 F.2d 638, 641 (9th Cir.1991). *Ayala–Chavez* upheld the Attorney General's requirement that waiver applicants under former § 212(c), 8 U.S.C. § 1182(c), with serious drug offense convictions demonstrate "outstanding equities." *Id.* Under *Ayala–Chavez* the Attorney General has broad discretion to grant or deny waivers and may establish general standards governing the exercise of such discretion "as long as these standards are rationally related to the statutory scheme." *Id.* Here, the Attorney General's heightened waiver standard for aliens convicted of violent or dangerous crimes is rationally related to the national immigration policy of not admitting aliens who would be a danger to society.

■ The second argument raised by Rivas, that the IJ erred when he applied the *Jean* "extreme hardship requirement" without first determining that Rivas's conviction was for a "violent or dangerous" crime has merit. While the government argues that the IJ merely balanced the equities when he denied the waiver, the IJ assumed from the beginning of the proceeding that Rivas's conviction triggered the *Jean* analysis, and concluded by stating:

> So the Court wishes to make its analysis plain. I believe that [the *Jean* ] standard applies to him and the primary basis for my decision, which I cannot grant it, is because I do not believe that he had met that burden. I am not denying [the waiver] because of his either lack of accounting for the crime and the other things the Court is comment-

ing on those. But the Court is denying it because it does not meet the hardship standard indicated by the Attorney General.

In *Jean*, the Attorney General did not impose the heightened "extreme hardship" standard on all aliens with aggravated felony convictions, only on those who "engage in violent criminal acts." Jean, 23 I. & N. Dec. at 384. The determination in *Jean* was fact-based, not categorical. Moreover, in a subsequent decision the BIA specifically limited Jean's heightened waiver requirement to "dangerous or violent crimes."[2] *In re K–A–*, 23 I. & N. Dec. 661, 666, 2004 WL 1941261 (BIA 2004). Therefore, the IJ erred when he applied the "extreme hardship" standard without first making a determination based on the facts underlying Rivas's conviction that Rivas's crime was violent or dangerous. Thus, we grant the petition in part and remand for further proceedings consistent with this decision.

**PETITION DISMISSED IN PART AND GRANTED IN PART. REMANDED.**

---

2. The BIA also stated that "even nonviolent aggravated felonies will generally constitute significant negative factors militating strongly against a favorable exercise of discretion." *Id.*