**Francisco MAYA–CRUZ, Petitioner,**

v.

**Peter D. KEISLER,* Acting Attorney General, Respondent.**

**No. 04–74653.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2007 **.

Filed Oct. 23, 2007.

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Raul M. Montes, Esq., Montes & Montes, Chula Vista, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Josh Braunstein, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, HAWKINS and FISHER, Circuit Judges.

## MEMORANDUM ***

Maya–Cruz appeals the determination of the Board of Immigration Appeals ("BIA") holding him removable as an alien convicted of an aggravated felony. Because Maya–Cruz was ordered removed as an aggravated felon, this court lacks jurisdic-

tion over Maya–Cruz's petition except to review "constitutional claims or questions of law." *See* 8 U.S.C. § 1252(a)(2)(C)–(D); *Morales–Alegria v. Gonzales*, 449 F.3d 1051, 1053 (9th Cir.2006).

"Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). An "aggravated felony" includes "a crime of violence ... for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). Whether an offense is an aggravated felony under 8 U.S.C. § 1101(a)(43) is a question of law that is not subject to the jurisdictional constraints of § 1252(a)(2)(C). *See, e.g., Morales–Alegria*, 449 F.3d at 1053; *Valencia v. Gonzales*, 439 F.3d 1046, 1048 (9th Cir.2006). "We review de novo whether a conviction under state law is a removable offense." *Morales–Alegria*, 449 F.3d at 1053.

Maya–Cruz was convicted of the misdemeanor crime of willful infliction of corporeal injury to a spouse under California Penal Code § 273.5(a), which makes it a felony to "willfully inflict[ ]" upon a spouse or cohabitant a "corporal injury resulting in a traumatic condition." Maya–Cruz was charged with this crime as a misdemeanor under California Penal Code § 17(b)(4), which allows the prosecutor discretion to specify the crime as a misdemeanor. Maya–Cruz does not dispute that the crime of corporeal injury to a spouse is a crime of violence nor does he dispute that he was sentenced to 365 days in jail for this offense after violating the terms of his probation. He therefore rests his legal claim solely on his contention that his crime cannot be an "aggravated felony" because it is a *misdemeanor* under state

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

law and he was not sentenced to *more* than one year. We disagree.

A crime is an aggravated felony under 8 U.S.C. § 1101(a)(43) "without regard to whether, under state law, the crime is *labeled* a felony or a misdemeanor." *United States v. Gonzalez–Tamariz*, 310 F.3d 1168, 1170 (9th Cir.2002) (quoting *United States v. Corona–Sanchez*, 291 F.3d 1201, 1210 (9th Cir.2002) (en banc)). Further, the clause "at least one year" in 8 U.S.C. § 1101(a)(43)(F) includes "those crimes that receive a sentence of exactly one year," *see United States v. Gonzalez–Tamariz*, 310 F.3d at 1171, as well as crimes where the maximum sentence is one year, *see United States v. Alvarez–Gutierrez*, 394 F.3d 1241, 1244–45 (9th Cir.2005). Lastly, "[t]he fact that this term of imprisonment was not imposed until after [petitioner] violated his probation is not legally significant." *United States v. Jimenez*, 258 F.3d 1120, 1125 (9th Cir.2001).

Maya–Cruz also questions whether he was properly found deportable by the BIA for violating the terms of a restraining order and whether he was properly denied a Special Agricultural Worker permit. Because we hold that Maya–Cruz is deportable as an aggravated felon, all other claims arising from his petition are moot. The petition is **DENIED.**

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.