**Joycelyn J. MANNING, aka Joycelyn Jo, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76578.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2008.

Filed March 19, 2008.

See also 2005 WL 3952742.

**632**

Xavier Gonzales, Esq., Las Vegas, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Allen W. Hausman, San Francisco, CA, Kristin A. Cabral, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY and M. SMITH, Circuit Judges, and LARSON,* District Judge.

MEMORANDUM **

Petitioner Joycelyn Manning challenges a final order of removal, which found her removable on the basis that her conviction was an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i) as an offense that involved fraud or deceit in which the loss to the victim or victims exceeded $10,000.

We have jurisdiction to consider issues of law under 8 U.S.C. § 1252(a)(D); *Morales–Alegria v. Gonzales,* 449 F.3d 1051, 1053 (9th Cir.2006). We review de novo whether a crime is an aggravated felony. *Kharana v. Gonzales,* 487 F.3d 1280, 1283 (9th Cir.2007). We review the BIA's decision because it conducted an independent

* The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review of the record. *Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir.2003). As the parties are familiar with the facts and procedural history of this case, we do not recite them here, except as necessary to explain our decision.

■ To determine whether a crime is an aggravated felony, we "compare its elements to the relevant definition of an aggravated felony in 8 U.S.C. § 1101(a)(43)." *Chang v. INS,* 307 F.3d 1185, 1189 (9th Cir.2002) (citing *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). Manning was convicted of violating Nevada Revised Statutes (NRS) § 205.463.[1] This statute is a divisible statute whereby a person can violate it by knowingly obtaining and using personal identifying information (1) to harm another person or (2) for any unlawful purpose. *See, e.g., Carty v. Ashcroft,* 395 F.3d 1081, 1083 (9th Cir.2005). Because obtaining and using personal information to harm another person does not require fraud or deceit, the crime is not categorically an aggravated felony.

■ If a state statute is "categorically broader than the generic definition of a crime," we apply the modified categorical approach and look to certain documents underlying the conviction to determine whether the alien's conviction under that statute qualifies as a conviction of the generic crime, here an aggravated felony. *See Navarro–Lopez v. Gonzales,* 503 F.3d 1063, 1073 (9th Cir.2007) (en banc). Here, the documents of conviction do not "unequivocally establish that the defendant pleaded guilty to all elements of the generic offense." *Li v. Ashcroft,* 389 F.3d 892, 896 n. 7 (9th Cir.2004). The guilty plea stated that Manning pleaded guilty to Counts 1 & 2 "as more fully alleged in the charging document." The indictment described her intent in the disjunctive, "to

harm said person *or* for any unlawful purpose" (emphasis added), and was not an admission of an intent to defraud or deceive. The facts pleaded and the plea colloquy established that she made unauthorized transfers but failed to establish that the transfers necessarily involved fraud or deceit.

■ Furthermore, the BIA erred in relying on the Presentence Report (PSR) for additional facts that established that Manning fraudulently transferred these funds into her own account. A PSR is not a document of conviction that may properly be considered as part of a modified categorical analysis. *See Fernandez–Ruiz v. Gonzales,* 466 F.3d 1121, 1132 (9th Cir. 2006). Though the Amended Guilty Plea Agreement stated that the parties agreed to use the PSR dated February 24, 2004, it did not state that the parties agreed to use this document to provide a factual basis for the plea. Without such a statement, we decline to conclude that the parties meant to use the PSR for more than its routine use in sentencing.

Because the documents of conviction do not unequivocally establish that Manning pleaded guilty to every element of the generic crime as defined in 8 U.S.C. § 1101(a)(43)(M)(i), we grant the petition for review.

We **GRANT** the petition for review, **VACATE** the order of removal, and **REMAND** the matter to the BIA for proceedings consistent with this disposition.

LARSON, District Judge, dissenting:

I respectfully dissent.

I agree with the majority's conclusion that the Court should apply the modified categorical approach to determine if petitioner was convicted of an aggravated felony within the meaning of 8 U.S.C.

---

1. We interpret NRS § 205.463 as it existed in 2004, at the time of Manning's conviction.

§ 1101(a)(43)(M)(i). I also agree with the majority's conclusion that, absent a specific manifestation of the parties' intent to incorporate the findings of the PSR as part of the factual basis of the plea, the Court may not rely on the facts set forth therein.

However, unlike the majority, I would conclude that petitioner's admission during the plea colloquy that she was not authorized to enter into the relevant transactions is an admission that she committed an offense "involving fraud or deceit." Viewed in the context presented by the documents of conviction, by admitting she made unauthorized transactions, petitioner necessarily admitted that either she had no authority to make the transfers or she exceeded the authority delegated to her by her employer to make the transfers. In either circumstance, to effectuate those transfers, she would have by necessity made either an affirmative representation that she was authorized to do so, or she would have made a material omission by failing to disclose that she was not authorized to do so. Either of those alternatives involve deceptive conduct. *Bobb v. Attorney General,* 458 F.3d 213, 218 (3d Cir. 2006) (noting that the Third Circuit has held that Congress intended 8 U.S.C. § 1101(a)(43)(M)(i) to have a broad scope because the provision refers to an offense that "*involves* fraud or deceit") (emphasis in the original); *Black's Law Dictionary* 435 (8th ed. 2004) (defining "deceit" as "[t]he act of intentionally giving a false impression").

Because I believe that the documents of conviction unequivocally establish that petitioner pleaded guilty to every element of the generic crime as defined in 8 U.S.C.

§ 1101(a)(43)(M)(i), I would deny the petition for review.