Antonio **GASPAR–RAMIREZ,**
Petitioner,

v.

Michael B. **MUKASEY, Attorney**
**General, Respondent.**

No. 04–75974.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 19, 2008.*

Filed Dec. 10, 2008.

Steven A. Seick, Esq., San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John L. Davis, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER and CLIFTON, Circuit Judges, and SHEA,** District Judge.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

384

MEMORANDUM ***

Petitioner Antonio Gaspar–Ramirez petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") denial of withholding of removal. We affirm.

The BIA affirmed the IJ's decision on two independent grounds: (1) It adopted, in part, the IJ's adverse credibility determination; and (2) it agreed with the IJ that Petitioner was ineligible for withholding of removal because he failed to show he could not safely relocate within Guatemala, 8 C.F.R. § 1208.16(b)(1)(i)(B).

Petitioner argues that the BIA and the IJ applied the wrong internal-relocation legal standard. We do not have jurisdiction over this claim, because Petitioner failed to raise the issue before the BIA. *See Morales–Alegria v. Gonzales*, 449 F.3d 1051, 1059 (9th Cir.2006) (holding that failure to raise an issue before the BIA deprives this court of jurisdiction).

Because the internal-relocation finding is an independent ground supporting the BIA's denial of withholding of removal, we do not reach Petitioner's challenge to the adverse credibility determination.

**Petition for Review DENIED in part and DISMISSED in part.**

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

