MEMORANDUM ***
Daniel Casamalhuapa-Morales (“petitioner”), a native and citizen of El Salva *620 dor, petitions for review of the Board of Immigration Appeals’ (“BIA”) determination that he is removable pursuant to Immigration and Nationality Act (“INA”) § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A).[1] The BIA concluded that petitioner’s 1978 conviction for “carnal abuse” under New Jersey Statutes § 2A:138-1 constituted an aggravated felony pursuant to § 101(a)(43)(A), and that petitioner was therefore ineligible for cancellation of removal, voluntary departure or relief under INA § 212(c).
We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review final orders of removal involving “constitutional claims or questions of law.” See Morales-Alegria v. Gonzales, 449 F.3d 1051, 1053 (9th Cir.2006). Whether a particular conviction constitutes an “aggravated felony” under § 101(a)(43) is a question of law that we review de novo. Cazarez-Gutierrez v. Ashcroft, 382 F.3d 905, 909 (9th Cir.2004).
On September 13, 1978, a jury convicted petitioner of “carnal abuse” under New Jersey Statutes § 2A:138-1, and he received a suspended sentence of 18 months with three years probation. The New Jersey statute covers two distinct crimes: (1) carnal knowledge of a woman “forcibly against her will, or while she is under the influence,” or of a “woman-child” who is under the age of 12 by one who is 16 years old or older, and (2) carnal abuse of a “woman-child” between the ages of 12 and 16 by a person who is 16 years old or older. N.J.Rev.Stat. § 2A:138-1 (1977). Relying on the generic definition of rape outlined in Rivas-Gomez v. Gonzales, 441 F.3d 1072 (9th Cir.2006), the BIA held that petitioner’s conviction for “carnal abuse” constituted “rape” under INA § 101(a)(43)(A). Since then, the opinion in Rivas-Gomez has been withdrawn, and the petition for review denied on other grounds in an unpublished memorandum disposition which excludes the definition and analysis of “rape” relied on by the BIA. Rivas-Gomez v. Gonzales, 225 Fed.Appx. 680 (9th Cir.2007).
Because the BIA relied on the holding in an opinion that was subsequently withdrawn, we remand this case to the BIA for reconsideration of whether petitioner’s conviction constitutes an aggravated felony under § 101(a)(43)(A), either as a “rape” or “sexual abuse of a minor.” See Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1159 (9th Cir.2008) (en banc).[2] For the foregoing reasons, the petition for review is GRANTED, the BIA’s order of removal is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this disposition.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Subsection 101(a)(43)(A) defines three distinct crimes as aggravated felonies: (1) rape, (2) murder, and (3) sexual abuse of a minor. 8 U.S.C. § 1101(a)(43)(A)

. Based on our grant of the petition on these grounds, we do not reach petitioner’s request for review of the BIA’s determination that he is ineligible for relief under INA § 212(c), 8 U.S.C. § 1182(c).