**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILMER SALVADOR ALEMAN, aka
Wilmer Salvador Aleman-Bonilla,

                    Petitioner,

    v.

ERIC H. HOLDER JR., Attorney General,

                    Respondent.

No. 11-70894

Agency No. A044-186-342

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]
San Francisco, California

Before:  SCHROEDER, O'SCANNLAIN, and GRABER, Circuit Judges.

    Petitioner, William Salvador Aleman, seeks review of a decision of the

Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration

judge's removability finding.  Petitioner's central argument is that the removability

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**] The panel unanimously concludes this case is suitable for decision
without oral argument.  Fed. R. App. P. 34(a)(2).

finding rested on an erroneous determination that a particular criminal conviction constituted an "aggravated felony," as that term is used in 8 U.S.C. § 1227(a)(2)(A)(iii). Whether an offense is an aggravated felony is a question of law over which we have jurisdiction. Morales-Alegria v. Gonzales, 449 F.3d 1051, 1053 (9th Cir. 2006). In light of new evidence not considered by the BIA, we now remand.

1. In denying Petitioner's appeal, the BIA considered a record containing an original sentencing order and an amended sentencing order that was entered nunc pro tunc for the same conviction. Respondent asked us to take judicial notice of a second amended sentencing order, entered nunc pro tunc for the same conviction underlying the other two sentencing orders. Petitioner did not oppose judicial notice, and we took notice of the second amended sentencing order.

The second amended sentencing order is not part of the administrative record. Our review is generally "confined to the administrative record before the BIA." Dent v. Holder, 627 F.3d 365, 371 (9th Cir. 2010). Thus, having taken notice of the latest sentencing order, we now remand to the BIA to consider, in the first instance, that order's effect on Petitioner's arguments. See Fregozo v. Holder, 576 F.3d 1030, 1039 (9th Cir. 2009) (remanding to BIA where all relevant evidence had not been presented to the BIA).

2

2.  Respondent's arguments in favor of dismissal are unpersuasive.  The second amended sentencing order is not a change of circumstances that would moot this case; it is merely new evidence that has yet to be considered by the BIA.

**REMANDED.**