NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOAQUIN MISAEL MIRANDA ROMAN, AKA Miranda Joaquin, AKA Chino Miranda, AKA Joaquin Miranda, AKA Joaquin Misael Miranda, AKA Roman Miranda, AKA Joaquin Mirandaroman, AKA Joaquin Misael Roman, AKA Joaquinmisae Roman, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 15-70255 <br><br> Agency No. A092-381-019 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018**

Before: FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Joaquin Misael Miranda Roman, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Morales-Alegria v. Gonzales*, 449 F.3d 1051, 1053 (9th Cir. 2006). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The agency did not err in determining that Miranda Roman was statutorily ineligible for asylum and cancellation of removal, where he was sentenced to more than one year in prison for his forgery conviction under California Penal Code § 476. *See* 8 U.S.C. §§ 1101(a)(43)(R), 1158(b)(2)(A)(ii), 1229b(a)(3); *Morales-Alegria*, 449 F.3d at 1059 (§ 476 is a categorical forgery offense). Miranda Roman invites us to reconsider our decision in *Morales-Alegria*, but a three-judge panel cannot overrule circuit precedent in the absence of an intervening decision from a higher court or en banc decision of this court. *See Avagyan v. Holder,* 646 F.3d 672, 677 (9th Cir. 2011).

Substantial evidence supports the agency's determination that Miranda Roman failed to show it is more likely than not that he would be targeted for persecution on account of his family relationship to his uncle, where it has been more than 40 years since his uncle was threatened, and there is no evidence that any other family members were targeted. *See Garcia v. Holder*, 749 F.3d 785, 791

2                                                    15-70255

(9th Cir. 2014) ("To qualify for withholding of removal, an applicant must show a "clear probability" of future persecution.").

Miranda Roman does not raise, and therefore he waives, any challenge to the agency's determination that the harm he fears in Guatemala does not rise to the level of persecution. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver). Because this determination is dispositive, we do not reach Miranda Roman's contentions regarding the cognizability of his proposed social group, "criminal deportees". *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

Substantial evidence supports the agency's denial of Miranda Roman's CAT claim, because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government of Guatemala. *See Silaya*, 524 F.3d at 1073.

The record does not support Miranda Roman's contention that the IJ failed to consider evidence of police involvement in unlawful killings. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**