

FILED

APR 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOPE AYIYI, AKA Hope Egaranna, AKA Hope Eguakum Ayiyi, AKA Hope Eguakun Ayiya, AKA Hope Eguakun Ayiyi, AKA Tracy Green, AKA Michael Greenwood, AKA Bob Jones, AKA Hope Mitchell, AKA Charles Monday Ayiyi, AKA Monday Osas Ayiyi, AKA Larry Parker, AKA Peter Toto, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   19-72766 <br><br> Agency No. A024-937-911 <br><br> ORDER |

Before:  MURGUIA, Chief Judge, GRABER, Circuit Judge, and L. BURNS,[*] District Judge.

Respondent's Motion to Amend is GRANTED (Doc. 60).  The Clerk shall

file the amended memorandum disposition concurrently with this order.

---

[*]     The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOPE AYIYI, AKA Hope Egaranna, AKA Hope Eguakum Ayiyi, AKA Hope Eguakun Ayiya, AKA Hope Eguakun Ayiyi, AKA Tracy Green, AKA Michael Greenwood, AKA Bob Jones, AKA Hope Mitchell, AKA Charles Monday Ayiyi, AKA Monday Osas Ayiyi, AKA Larry Parker, AKA Peter Toto, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   19-72766 <br><br> Agency No. A024-937-911 <br><br> AMENDED MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2022
Phoenix, Arizona

Before: MURGUIA, Chief Judge, GRABER, Circuit Judge, and L. BURNS,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

Hope Ayiyi petitions for review of the Board of Immigration Appeals' ("BIA") ruling that Arizona's forgery statute, Ariz. Rev. Stat. Ann. ("A.R.S.") § 13-2002(A), categorically "relates to" the federal definition of forgery, *see* 8 U.S.C. § 1101(a)(43)(R),[1] and is therefore an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). For the reasons set forth below, we grant the petition and remand to the BIA.

Whether a crime is as an aggravated felony under the Immigration and Nationality Act ("INA") "is a question of law subject to de novo review." *Gomez Fernandez v. Barr*, 969 F.3d 1077, 1085 (9th Cir. 2020).

Under the categorical approach, we "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps v. United States*, 570 U.S. 254, 257 (2013). "A state offense with the same or narrower elements as the generic offense defined by federal law is a categorical match." *Gomez Fernandez*, 969 F.3d at 1085. A state statute is overbroad, however, "if there is a realistic probability of its application to conduct that falls beyond the scope of the generic federal offense." *Id.* at 1085–86 (quoting *Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1119 (9th Cir. 2020)).

---

[1] Forgery is an aggravated felony under 8 U.S.C. § 1101(a)(43)(R), which includes any "offense relating to . . . forgery for which the term of imprisonment is at least one year."

In accordance with this framework, we ascertain the generic definition of "forgery" for comparison to A.R.S. § 13-2002(A).

"The essential elements of the common law crime of forgery are '(1) a false making of some instrument in writing; (2) a fraudulent intent; [and] (3) an instrument apparently capable of effecting a fraud.'" *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 874 (9th Cir. 2008) (quoting *Morales-Alegria v. Gonzalez*, 449 F.3d 1051, 1055 (9th Cir. 2006))."

A.R.S. § 13-2002(A), on the other hand, provides that

[a] person commits forgery if, with intent to defraud, the person:
1. Falsely makes, completes or alters a written instrument; or
2. Knowingly possesses a forged instrument; or
3. Offers or presents, whether accepted or not, a forged instrument or one that contains false information.

A.R.S. § 13-2002(A)(1)–(3). Here, "[f]alsely mak[ing], complet[ing] or alter[ing] a written instrument" and "knowingly possess[ing] a forged instrument" nearly mirror common law forgery. *See* A.R.S. § 13-2002(A)(1)–(2). Subsection three is a closer call because it criminalizes the offer or presentation of "a forged instrument *or one that contains false information*." A.R.S. § 13-2002(A)(3) (emphasis added). "False information" is not specifically defined by Arizona's forgery statute and, during oral argument, the government acknowledged that subsection three as written is somewhat unclear.

Given the ambiguity surrounding subsection three, we disagree with the BIA's unequivocal conclusion that A.R.S. § 13-2002 "defines a categorical aggravated felony." Instead, the BIA should analyze, at a minimum, "common-law definitions, the generic sense in which the term is now used in the criminal codes of most states, as well as other circuits' analyses of the generic offense'" to ascertain whether Arizona's definition of forgery "relates to" the federal and thereby generic definition of forgery. *Vizcarra-Ayala*, 514 F.3d at 874 (quoting *Morales-Alegria*, 449 F.3d at 1054).

If the BIA concludes that Arizona's forgery statute is not a categorical match because of subsection three, then the BIA should analyze whether Arizona's forgery statute is divisible under the modified categorical approach and, if so, whether Petitioner's conviction qualifies under that approach. Applying the modified categorical approach is in large part a fact-intensive inquiry, *see Pereida v. Wilkinson*, 141 S. Ct. 754, 764 (2021), which we cannot undertake in the first instance because we lack general fact-finding authority, particularly when the question before us is committed to agency determination in the first instance, *see SEC v. Chenery*, 318 U.S. 80, 88 (1943).

**PETITION GRANTED AND CASE REMANDED.**