**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSEPH CRISTOPHER YOUNG, aka
Joseph Christopher Young,
                                *Petitioner,*

v.

ERIC H. HOLDER JR., Attorney
General,

                                *Respondent.*

No. 07-70949

Agency No.
A035-029-889

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued September 8, 2008
Submitted January 28, 2011
Pasadena, California

Filed January 28, 2011

Before: Betty B. Fletcher, Andrew J. Kleinfeld, and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge B. Fletcher

**COUNSEL**

Katherine Mayer and Natalie Prescott, Latham & Watkins LLP, San Diego, California, for the petitioner.

David B. Bernal, Ernesto Horacio Molina, Jr., and Siu P. Wong, Department of Justice, Office of Immigration Litigation, Washington, D.C., for the respondent.

**OPINION**

B. FLETCHER, Circuit Judge:

Joseph Christopher[1] Young petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming a final order of removability. The BIA affirmed the Immigration Judge's ("IJ") decision finding Young removable because of his conviction for an offense relating to a controlled sub-

---

[1]Young's middle name is spelled several different ways in the record. Young used the spelling "Christopher" in his brief before the BIA and in his application for cancellation of removal, so we use that spelling here.

stance pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) and denying Young's application for cancellation of removal. The BIA held that Young was ineligible for cancellation of removal because he failed to prove that his 2005 conviction for violating California Health & Safety Code § 11352(a) was not an "aggravated felony" as defined by the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(B).

We deny Young's petition for review of the order of removal because he failed to exhaust his claim that his conviction was not for a violation of a law relating to a controlled substance. We grant Young's petition for review, however, with respect to his eligibility for cancellation of removal because the judicially noticeable documents in the record fail to establish that his conviction was necessarily for an aggravated felony.

## I.  BACKGROUND

Young, a native of St. Kitts and Nevis, is a British citizen. He was admitted into the United States as a lawful permanent resident in 1977.

In 2001, Young pled no contest in the Superior Court of California to one count of violating Cal. Health & Safety Code § 11352(a).[2] In 2004, Young was charged again with violating Cal. Health & Safety Code § 11352(a). He pled guilty on February 8, 2005, and was sentenced to 3 years in prison. On March 31, 2006, the Department of Homeland Security ("DHS") served Young with a Notice to Appear because of the 2005 conviction. The Notice to Appear

---

[2]Cal. Health & Safety Code § 11352(a) states: "Except as otherwise provided in this division, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport" a specified controlled substance, unless it was prescribed, shall be punished by imprisonment.

charged Young with removability both as an alien convicted of an offense relating to a controlled substance, 8 U.S.C. § 1227(a)(2)(B)(i),[3] and as an alien convicted of an aggravated felony related to illicit trafficking of a controlled substance, 8 U.S.C. § 1227(a)(2)(A)(iii).[4]

Young appeared *pro se* at a hearing before an immigration judge ("IJ") on April 26, 2006. He admitted the factual allegation in the Notice to Appear that he had been convicted under Cal. Health & Safety Code § 11352(a), but he did not concede removability. He also applied for cancellation of removal.

The hearing was continued to September 5, 2006. Again, Young appeared *pro se*. The government produced Young's state-conviction record. After hearing argument, the IJ held Young removable and denied his application for cancellation of removal. The IJ first held that Young was subject to removal as an alien convicted of an offense relating to a controlled substance based on his 2005 conviction.[5] The IJ then turned to Young's application for cancellation of removal. He held that although the statute was overbroad, the record of conviction established that Young committed an aggravated felony. He noted that the information in Young's conviction recited the conduct prohibited by Cal. Health & Safety Code § 11352 in the conjunctive, and therefore that Young necessarily pled guilty to doing every act listed in the statute,

---

[3] 8 U.S.C. § 1227(a)(2)(B)(i) states, in relevant part: "Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable."

[4] 8 U.S.C. § 1227(a)(2)(A)(iii) states: "Any alien who is convicted of an aggravated felony at any time after admission is deportable."

[5] The IJ held that Young's 2001 conviction for violating Cal. Health & Safety Code § 11352(a) was not an aggravated felony for immigration purposes because the charge and Young's guilty plea were inconsistent. Young's 2001 conviction is not at issue in this appeal.

including selling cocaine. The IJ held that because sale of cocaine is conduct which constitutes illicit trafficking of a controlled substance, Young was convicted of an aggravated felony which rendered him both removable and statutorily ineligible for cancellation for removal.

Young filed a *pro se* Notice of Appeal and a *pro se* brief with the BIA. In both, he challenged the IJ's finding that the 2005 conviction constituted an aggravated felony. In November 2006, Young obtained *pro bono* counsel through the BIA Pro Bono Appeal Project. *Pro bono* counsel filed a new brief arguing that charging papers are not sufficient to establish an aggravated felony and that a plea of guilty to an overly-inclusive statute stated in the conjunctive cannot establish an aggravated felony.[6] Although DHS filed a motion for summary affirmance, it did not file a brief responding to Young's arguments.

The BIA dismissed Young's appeal. The BIA first held that Young failed to challenge the IJ's decision that he was removable based on violating a law relating to a controlled substance. Because Young was removable on that ground, the BIA declined to rule on whether he was also removable for being convicted of an aggravated felony.

The BIA then upheld the IJ's finding that Young was ineligible for cancellation of removal. Relying on *United States v. Almazan-Becerra*, 456 F.3d 949, 953 (9th Cir. 2006), *with-*

---

[6]*Pro bono* counsel also argued (1) that DHS failed to prove removability by clear and convincing evidence because it did not file a certified copy of the conviction records; (2) that the IJ must be reversed pursuant to *Lopez v. Gonzales*, 549 U.S. 47, 60 (2006) (holding that a state drug possession offense must be punishable as a federal felony in order to qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B)); (3) that the IJ erred when he conducted the merit hearings by video; and (4) that the IJ erred by not ensuring that Young was represented by counsel. The BIA denied relief on all of these grounds. Young does not appeal the BIA's decision on these issues.

*drawn and superseded on other grounds by United States v. Almazan-Becerra*, 482 F.3d 1085 (9th Cir. 2007), the BIA stated that when an individual pleads guilty to facts stated in the conjunctive, each factual allegation is taken as true. As a result, the BIA held that Young's guilty plea necessarily admitted that he had committed acts that constituted drug trafficking because the information stated all of the acts prohibited by the statute in the conjunctive and Young presented no evidence showing that he did not plead guilty to every allegation in the information. Young therefore failed to satisfy his burden to establish that he had not been convicted of an aggravated felony. *See* 8 U.S.C. § 1229a(c)(4); 8 C.F.R. § 1240.8(d).

Young filed a timely petition for review in this court.

## II. DISCUSSION

To the extent we have jurisdiction, it is granted by 8 U.S.C. § 1252. Because the BIA conducted its own review of the evidence and law, our "review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (internal quotation marks omitted).

### A. Removability Based on a Violation of a Law Relating to a Controlled Substance

[1] Young contends that the BIA erred in holding him removable based on a violation of a law relating to a controlled substance. Relying on *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078 (9th Cir. 2007), he argues that the documents in his record of conviction do not unequivocally establish that his 2005 conviction under Cal. Health & Safety Code § 11352(a) involved a substance regulated by the federal Controlled Substance Act.

[2] We may review a final order of removal only if "the alien has exhausted all administrative remedies available to

the alien as of right." 8 U.S.C. § 1252(d)(1). A petitioner's failure to raise an issue to the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). Young "cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal." *Morales-Alegria v. Gonzales*, 449 F.3d 1051, 1058 (9th Cir. 2006) (quoting *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004)).

**[3]** Even construing Young's *pro se* filings liberally, as we must,[7] we cannot find that Young raised this specific claim before the BIA. Nowhere in his Notice of Appeal, his *pro se* brief, or the brief filed by *pro bono* counsel does Young question the IJ's finding that he was convicted for a violation of a law relating to a controlled substance. We therefore do not have jurisdiction to review the removal order. *See Morales-Alegria*, 449 F.3d at 1058-59.

## B.   Eligibility for Cancellation of Removal

**[4]** Young challenges the BIA's finding that his 2005 conviction for violating Cal. Health & Safety Code § 11352(a) was an aggravated felony disqualifying him from cancellation of removal. The conduct prohibited by Cal. Health & Safety Code § 11352(a) is stated in the disjunctive. *Id.* ("[E]very person who transports, imports into this state, sells, furnishes, administers, *or* gives away . . . any controlled substance . . . ."). He argues that because the information in his criminal case merely restated the overly-broad statute in the conjunctive, his guilty plea does not establish that he necessarily committed a drug trafficking offense that would constitute an aggravated felony.

---

[7]*See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008) ("[P]ro se claims are construed liberally for purposes of the exhaustion requirement.").

We have jurisdiction to review questions of law presented in petitions for review of final orders of removal, even those pertaining to otherwise discretionary determinations, pursuant to 8 U.S.C. § 1252(a)(2)(D). *Afridi v. Gonzales*, 442 F.3d 1212, 1218 (9th Cir. 2006). "Whether the judicially noticeable documents in the administrative record establish that [a] controlled substance offense is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) is a question of law." *Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1126 (9th Cir. 2007). We therefore have jurisdiction to review whether the BIA erred when it held that Young's 2005 conviction was for an aggravated felony. We review the BIA's legal determinations regarding Young's eligibility for cancellation of removal de novo. *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1194 (9th Cir. 2006).

**[5]** In order to qualify for cancellation of removal under 8 U.S.C. § 1229b(a), a lawful permanent resident must show that he: "(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony." *Toro-Romero v. Ashcroft*, 382 F.3d 930, 937 (9th Cir. 2004) (internal quotation marks omitted).[8] The applicant bears the burden to establish his eligibility for cancellation of removal, and must prove by a preponderance of the evidence that grounds for mandatory denial of the application for relief do not apply. *See* 8 C.F.R. § 1240.8(d).[9] An

---

[8]This case addresses the version of 8 U.S.C. § 1229b(a) in effect when Young was convicted.

[9]8 C.F.R. § 1240.8(d) states: "The respondent shall have the burden of establishing that he or she is eligible for any requested benefit or privilege and that it should be granted in the exercise of discretion. If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." The government furnished the record of conviction, relieving the petitioner of the obligation to furnish it.

alien seeking to prove his eligibility for cancellation of removal carries his burden of establishing by a preponderance of the evidence that he has not been convicted of an aggravated felony when he submits an inconclusive record of conviction. *Sandoval-Lua*, 499 F.3d at 1130.

To determine whether a petitioner's prior conviction fits within the statutory definition of an aggravated felony, we use the "categorical approach" and "modified categorical approach" first announced in *Taylor v. United States*, 495 U.S. 575 (1990). *Alanis-Alvarado v. Mukasey*, 558 F.3d 833, 836 (9th Cir. 2009). Under the categorical approach, if the "full range of conduct" covered by the state statute falls within the scope of 8 U.S.C. § 1101(a)(43)(B), then the petitioner's conviction is categorically an aggravated felony and our inquiry is complete. *Id.* at 836. If the statute of conviction prohibits conduct that is not covered by the aggravated felony provision, then we must use the modified categorical approach, under which we conduct a limited examination of documents in the record of conviction to determine whether there is sufficient evidence to conclude that the petitioner was convicted of an aggravated felony. *Id.* Where the prior conviction was based on a guilty plea, our inquiry "is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). When applying a modified categorical analysis to a removal proceeding, we may not consider the administrative record, including the alien's own admissions before the IJ, but must confine our review to the record of conviction. *Tokatly v. Ashcroft*, 371 F.3d 613, 623-24 (9th Cir. 2004); *see also Sandoval-Lua*, 499 F.3d at 1129 n.7.

**[6]** The BIA held that Young was ineligible for cancellation of removal because he had not carried his burden to show that he was not an aggravated felon under 8 U.S.C. § 1103(a)(43)(B). Under this section, Young would be an

aggravated felon if he had been convicted of illicit trafficking in a controlled substance under 21 U.S.C. § 802 (the Controlled Substance Act), including a drug trafficking crime under 18 U.S.C. § 924(c).

[7] The government concedes that a conviction under Cal. Health & Safety Code § 11352(a) is not categorically an illicit trafficking crime. *See also Sandoval-Lua*, 499 F.3d at 1128 (holding that a conviction under the nearly identical Cal. Health & Safety Code § 11379 is not categorically an aggravated felony). Because Cal. Health & Safety Code § 11352(a) is overly inclusive, we turn to the modified categorical approach to determine whether the judicially noticeable documents in the record satisfy Young's burden to establish by a preponderance of the evidence that his conviction was not for an aggravated felony.

The record before us contains the following documents which we may consider under the modified categorical approach: a felony complaint alleging that Young violated Cal. Health and Safety Code § 11352(a); an information charging Young with violating § 11352(a); and a printout of the Superior Court of California's electronic docket sheet for Young's case.[10]

The information charged Young as follows:

> On or about August 26, 2004, in the County of Los Angeles, the crime of SALE/TRANSPORTATION/ OFFER TO SELL CONTROLLED SUBSTANCE, in violation of HEALTH & SAFETY CODE SECTION 11352(a), a Felony, was committed by JOSEPH CHRISTOPH[sic] YOUNG, who did unlawfully transport, import into the State of Califor-

---

[10]The electronic docket sheet is a judicially noticeable document in a modified categorical analysis. *United States v. Strickland*, 601 F.3d 963, 968 (9th Cir. 2010) (en banc).

nia, sell, furnish, administer, and give away, and offer to transport, import, into the State of California, sell, furnish, administer, and give away, and attempt to import into the State of California and transport a controlled substance, to wit, COCAINE BASE.

The electronic docket sheet entry for February 8, 2005, shows that Young was "advised of the following: the nature of the charges against him, the element[sic] of the offense in the information, and possible defenses to such charges" and that Young pled guilty. The electronic docket does not include any findings of fact by the judge, nor does it include a stipulation of facts by Young.

The BIA held that when Young pled guilty he admitted *every act* alleged in the information, and therefore the conviction necessarily was for conduct constituting an illicit trafficking offense. The BIA relied upon *Almazan-Becerra*, in which we stated that "when a defendant pleads guilty to facts stated in the conjunctive, each factual allegation is taken as true."[11] 456 F.3d at 953 (internal edits omitted).

**[8]** We have also held, however, that when a petitioner pleads guilty to a charge that states an overly-broad disjunctive statute in the conjunctive, the guilty plea does not establish that the petitioner committed all the acts prohibited by the statute. In *Malta-Espinoza v. Gonzales*, 478 F.3d 1080 (9th Cir. 2007), the petitioner pled guilty in state court to a charge of "following and harassing." The charge restated the lan-

---

[11]The opinion relied upon by the BIA was withdrawn and replaced with a superseding opinion. The new opinion, however, retains the language relied upon by the BIA. *See Almazan-Becerra*, 482 F.3d at 1089. But the holding has changed; we concluded that when the defendant made a disjunctive plea to a charge stated in the conjunctive, the disjunctive plea did not "unequivocally establish" that the defendant had committed a drug trafficking crime. *Id.* at 1090.

guage of a disjunctive stalking statute in the conjunctive.[12] We noted that despite the conjunctive charge, "[a]ll that we can gather from the charge and the bare record of a plea of guilty . . . [was] that Malta-Espinoza was guilty of either following or harassing or both." *Id.* at 1082.[13] As a result, Malta-Espinoza might have been guilty only of harassing. Because "[h]arassing can involve conduct of which it is impossible to say that there is a substantial risk of applying physical force to the person or property of another," we held that the BIA erred in finding that Malta-Espinoza had been convicted of a crime of violence that would render him removable and statutorily ineligible for cancellation of removal as an aggravated felon under 8 U.S.C. § 1101(43)(F) and 18 U.S.C. § 16(b). *Id.* at 1083-84.[14]

---

[12]At the time of the offense, Cal. Penal Code § 646.9 stated, in relevant part, that "Any person who willfully, maliciously, and repeatedly *follows or harasses* another person and who makes a credible threat with the intent to place that person in reasonable fear for his or her safety . . . is guilty of the crime of stalking . . . ." *Malta-Espinoza*, 478 F.3d at 1081 (emphasis added). The felony complaint alleged that Malta-Espinoza "did maliciously and repeatedly *follow and harass* [the victim] . . . ." *Id.* at 1082 (emphasis added).

[13]The Fifth Circuit employed a similar analysis in *United States v. Moreno-Florean*, 542 F.3d 445 (5th Cir. 2008). The defendant in that case pled guilty to kidnapping under Cal. Penal Code § 207(a), and the indictment charged him with accomplishing the kidnapping "wilfully, unlawfully, forcibly and by other means of instilling fear." *Id.* at 449-450. The court concluded defendant had not pled guilty to a crime of violence, stating, "if the indictment alleges elements in the conjunctive, the defendant can be convicted if the evidence establishes any set of disjunctive elements that together constitute the criminal offense." *Id.* at 451 (citations omitted).

[14]The other cases relied upon by the BIA and by the government involved charges that were narrower than the underlying statute. *See United States v. Smith*, 390 F.3d 661, 665 (9th Cir. 2004), amended by 405 F.3d 726 (9th Cir. 2005) (charge under Cal. Penal Code § 459 limited to willfully and unlawfully entering an inhabited dwelling), *United States v. Williams*, 47 F.3d 993, 994-95 (9th Cir. 1995) (charge under section 459 limited to willfully and unlawfully entering a residence). In a third case, we held that a guilty plea proved the facts required to establish federal

**[9]** We have also said that "an indictment that merely recites the language of the statute . . . is insufficient to establish the offense as generic for purposes of a modified categorical analysis." *United States v. Vidal*, 504 F.3d 1072, 1088 (9th Cir. 2007) (en banc). In *Vidal*, the issue was whether the defendant necessarily was convicted of a theft offense which would subject him to a sentence enhancement for being deported after an aggravated felony. *Id.* at 1074-75. Vidal pled guilty to violating Cal. Vehicle Code § 10851(a), which proscribed theft of a motor vehicle as a principal, as an accomplice, and as an accessory after the fact; if Vidal was convicted as an accessory after the fact, his conviction would not be a generic theft offense. *Id.* The record consisted of a charging document that restated the language of the statute and a written plea and waiver of rights form that indicated that Vidal pled guilty. *Id.* at 1087. We held that this record was insufficient to establish that Vidal necessarily pled guilty to generic theft as a principal or accomplice. *Id.* at 1087-1088.

**[10]** We based our holding in *Vidal* on two principles. First, we held that in order to identify a conviction as a generic offense through the modified categorical approach when the record contains only the charging document and the judgment, the judgment must contain "the critical phrase 'as charged in the information[.]' " *Id.* at 1087. We drew our requirement that the judgment contain the words "as charged in the information" from *United States v. Bonat*, 106 F.3d 1472, 1477-78 (9th Cir. 1997), in which we made clear that the information charged the defendant *only* with the elements of generic burglary even though the statute proscribed broader conduct. Second, we stated that an indictment that merely

jurisdiction. *United States v. Mathews*, 833 F.2d 161, 163 (9th Cir. 1987) (defendant pled guilty to moving his victim from Oregon to Washington). *See also United States v. Snellenberger*, 548 F.3d 699, 701 (9th Cir. 2008) (charge under section 459 narrowed to "enter[ing] an inhabited dwelling house and trailer coach and inhabited portion of a building").

recites the language of the statute is insufficient to establish an offense as generic under the modified categorical approach. *Vidal*, 504 F.3d at 1087.

**[11]** We have applied *Vidal* in the immigration context to hold that a guilty plea to a charge that simply recited the language of the statute was insufficient to establish an aggravated felony that would render the petitioner removable and ineligible for cancellation of removal. *Penuliar v. Mukasey*, 528 F.3d 603, 613-14 (9th Cir. 2008). The issue was whether Penuliar's conviction under Cal. Penal Code § 10851(a) was a theft offense constituting an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). *See id.* at 614. The record of conviction consisted of the felony complaint and an abstract of judgment which indicated a guilty plea. *See Penuliar*, 528 F.3d at 612. As in *Vidal*, we held that Penuliar did not necessarily commit a theft offense where there was a possibility that he pled as an accessory after the fact. *Id.* at 613. We held the record insufficient to establish that Penuliar pled guilty as a principal because (1) the indictment merely recited the language of the overly-inclusive statute and did not narrow the charge to generic limits; (2) there were no admissions or accepted findings of fact confirming the basis for the plea; and (3) the abstract of judgment did not contain the language "as charged in the [i]nformation." *Id.* at 612-13.

**[12]** The lesson of *Malta-Espinoza*, *Vidal*, and *Penuliar* is that a court conducting a modified categorical analysis cannot rely on only the fact of a guilty plea and a charging document that merely recite the multiple theories under which a defendant can be convicted under an overly-inclusive statute to hold that the defendant actually committed a generic offense. Applying this rule to the present case, we find that the record is inconclusive and that therefore it cannot be said that Young's conviction was necessarily for a drug trafficking offense that would constitute an aggravated felony.

**[13]** First, Young pled guilty to an overly-inclusive charge. The information alleged fourteen possible theories under

which Young could have violated the statute. The fourteen listed acts are alternate forms of conduct which satisfy the *actus reus* element of the crime. The government is not required to prove that a defendant did every one of those fourteen acts in order to convict. Rather, it must prove only that the defendant did at least one of the listed acts. By the same logic, when Young pled guilty, he admitted that he did at least one of the acts required to convict him under the statute, not that he did them all. *See Malta-Espinoza*, 478 F.3d at 1083 n.3.

**[14]** Second, Young's record of conviction contains no evidence of the specific facts underlying his plea. The information contains no factual allegations beyond specifying that the crime involved cocaine; the judge made no findings of fact; and there is no transcript of the plea colloquy or written plea agreement that would narrow the factual basis for Young's conviction to an act constituting an illicit trafficking offense. *See Shepard*, 544 U.S. at 26.

**[15]** Finally, the electronic docket states only that Young was "advised of the . . . nature of the charges against him [and] the element [sic] of the offense in the information[.]" This statement does not establish that Young pled guilty "as charged in the information" as *Vidal* requires. *Vidal*, 504 F.3d at 1088. It establishes only that Young was informed of the elements of the offense with which he was charged.

**[16]** Thus, we hold that the record is inconclusive as to how Young violated the statute. Because the record is inconclusive, it cannot be said that he necessarily was convicted of an illicit trafficking offense. Young has therefore met his burden under *Sandoval-Lua* to show by a preponderance of the evidence that he is eligible for cancellation of removal.

## III. CONCLUSION

**[17]** The BIA improperly concluded that Young's prior conviction qualifies as an aggravated felony that would render

him statutorily ineligible for cancellation of removal. That Young has satisfied his burden to establish that he is eligible for cancellation of removal does not guarantee that he will receive relief. *See* 8 U.S.C. § 1229b(a) ("The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States. . . .") We therefore remand this case to the BIA for further proceedings not inconsistent with this opinion. *See INS v. Ventura*, 537 U.S. 12, 16-17 (2002); *Sandoval-Lua*, 499 F.3d at 1133.

The petition is **DENIED** in part and **GRANTED** in part.