**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10463 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00421-WBS-1 |
| v. | |
| TERRENCE BRECKENRIDGE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted March 14, 2011
San Francisco, California

Before: PAEZ, BERZON, and BEA, Circuit Judges.

Terrence Breckenridge appeals the 60-month sentence imposed following

his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g)(1). Breckenridge argues that the base offense level for his sentence was

improperly increased under U.S.S.G. § 2K2.1(a)(4), and that as a result, his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

sentence must be vacated. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo whether a prior conviction qualifies for a sentencing enhancement. *United States v. Almazan-Becerra*, 537 F.3d 1094, 1097 (9th Cir. 2008). We affirm.

To determine whether a defendant's prior conviction constitutes a "controlled substance offense" under U.S.S.G. § 2K2.1(a)(4), we first compare the categorical language of the statute of conviction with the Guideline definition of a "controlled substance offense." The parties agree—as they must—that a violation of California Health & Safety Code § 11352(a) is not categorically a "controlled substance offense" within the meaning of U.S.S.G. § 2K2.1(a)(4). *See Young v. Holder*, --- F.3d ----, 2011 WL 257898 *4 (9th Cir. 2011).

Applying the modified categorical approach, Breckenridge argues that his 1993 conviction does not qualify as a "controlled substance offense" within the meaning of U.S.S.G. § 2K2.1(a)(4). In particular, Breckenridge argues that the grand jury transcript associated with his 1993 conviction is not judicially noticeable evidence of the facts of his conviction under *Shepard v. United States*, 544 U.S. 13 (2005).

The transcript of Breckenridge's 1993 plea colloquy demonstrates that the state court relied on the grand jury transcript as a factual basis for Breckenridge's

2

no contest plea. The plea transcript proves that Breckenridge's attorney and the state prosecutor both agreed to this approach. Breckenridge contends that the grand jury transcript is not judicially noticeable under *Shepard* because Breckenridge's attorney—but not Breckenridge himself—stipulated that the grand jury transcript supplied a factual basis for his 1993 plea. Breckenridge argues that if a defendant does not *personally* confirm that a document provides the factual basis for his plea, the document is not judicially noticeable under *Shepard*.

We disagree. The California Supreme Court permits defense counsel to stipulate to a factual basis for a client's plea. *People v. Holmes*, 32 Cal. 4th 432, 442 (2004). In this context, we have held that facts admitted by defense counsel in the defendant's presence during a plea colloquy constitute admissions by the defendant. *See United States v. Hernandez-Hernandez*, 431 F.3d 1212, 1219 (9th Cir. 2006) (holding that a defendant was bound by his lawyer's stipulation to the factual basis supporting his prior California state court plea agreement); *United States v. Ferreboeuf*, 632 F.2d 832, 836 (9th Cir. 1980).

Because the stipulation by Breckenridge's attorney can be imputed to Breckenridge, we hold that the grand jury transcript is judicially noticeable under *Shepard*. Breckenridge does not argue in his brief that the grand jury transcript, if allowed under *Shepard*, fails to demonstrate that he was convicted of a "controlled

3

substance offense" within the meaning of U.S.S.G. § 2K2.1(a)(4).  Therefore, we affirm the district court's application of U.S.S.G. § 2K2.1(a)(4).

**AFFIRMED.**