**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ANTONIO CAMPOS-MORENO, | No. 09-70572 |
| Petitioner, | Agency No. A045-125-232 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2011[**]
Pasadena, California

Before: FERNANDEZ, RYMER, and TALLMAN, Circuit Judges.

Jose Antonio Campos-Moreno petitions for review of the BIA's order

dismissing his appeal from an immigration judge's removal order. Campos-

Moreno claims that he was not convicted of a crime of violence when he pleaded

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

guilty to committing false imprisonment by "violence, menace, fraud, and deceit." He also claims that the IJ violated his right to due process in his immigration hearing. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and remand in part.

I

We review de novo due process claims in immigration proceedings. *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1136 (9th Cir. 2008). Whether a particular crime is a removable offense is reviewed de novo. *Morales-Alegria v. Gonzales*, 449 F.3d 1051, 1053 (9th Cir. 2006).

II

California charged Campos-Moreno with committing false imprisonment "by violence, menace, fraud, and deceit." The plea colloquy transcripts show that the court read the Information's charges aloud and that Campos-Moreno pleaded guilty "as charged to [in] the Information." This is a sufficient factual basis to determine whether Campos-Moreno was convicted of a crime of violence. *See Fregozo v. Holder*, 576 F.3d 1030, 1040 (9th Cir. 2009) (court may look to the "record of the plea proceedings" to determine if "the defendant admitted to facts").

"We have previously held that 'when a defendant pleads guilty . . . to facts stated in the conjunctive, each factual allegation is taken as true.'" *United States v.*

2

*Almazan-Becerra*, 482 F.3d 1085, 1089 (9th Cir. 2007) (quoting *United States v. Smith*, 390 F.3d 661, 665 (9th Cir. 2004)). Because Campos-Moreno pleaded in the conjunctive, he necessarily pleaded guilty to committing false imprisonment by violence. *United States v. Snellenberger*, 548 F.3d 699, 701-02 (9th Cir. 2008) (en banc). Thus, he was removable from the United States. 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(A)(iii). The cases cited by Campos-Moreno do not compel a different result, because they do not overrule *Snellenberger*'s en banc decision.[1] We deny Campos-Moreno's petition to review this claim.

### III

Campos-Moreno raised his due process claim before the BIA, but the Board did not address the claim in its decision. Though we may think the claim unmeritorious, "we are not permitted to decide a claim that the immigration court has not considered in the first instance." *Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam)). We therefore remand this claim for the BIA to consider and decide.

PETITION FOR REVIEW DENIED in part; REMANDED in part.

---

[1] We note that the transcript of Campos-Moreno's plea colloquy reflects that he pled "as charged to [in] the Information." As a result, he would be bound by its conjunctive terms even under those cases on which he relies. *See, e.g.*, *Young v. Holder*, 634 F.3d 1014, 1023 (9th Cir. 2011).