# Matter of Antonio PEREZ RAMIREZ, Respondent

File A092 977 843 - Imperial, California

*Decided March 17, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Where a criminal alien's sentence has been modified to include a term of imprisonment following a violation of probation, the resulting sentence to confinement is considered to be part of the penalty imposed for the original underlying crime, rather than punishment for a separate offense.

(2) An alien's misdemeanor conviction for willful infliction of corporal injury on a spouse in violation of section 273.5(a) of the California Penal Code qualifies categorically as a conviction for a "crime of violence" within the meaning of 18 U.S.C. § 16(a) (2006).

FOR RESPONDENT: Eduardo A. Paredes, Esquire, Los Angeles, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: William P. Hollerich, Assistant Chief Counsel

BEFORE: Board Panel: FILPPU, COLE, and PAULEY, Board Members.

PAULEY, Board Member:

In a decision dated June 24, 2009, an Immigration Judge found the respondent removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2006), as an alien convicted of a "crime of violence" for which the term of imprisonment is at least 1 year, which is an aggravated felony under section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (2006). The respondent has appealed from that decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico and a lawful permanent resident of the United States. On August 18, 2004, he was convicted pursuant to a nolo contendere plea in the Superior Court of California, County of Los Angeles, of the misdemeanor offense of inflicting corporal injury on a spouse in violation of section 273.5(a) of the California Penal Code. The trial court did not impose a sentence for this offense but instead suspended

imposition of a sentence and granted the respondent 36 months of "summary probation." As conditions of this probation order, the trial court ordered the respondent to enroll in a 12-month batterer's counseling program. The respondent was also ordered not to annoy, harass, or molest anyone involved in the case and was served with a copy of a protective order. On July 24, 2007, the respondent stipulated in open court to a probation violation, and the trial court found that he had violated the terms of his probation. His probation was reinstated and continued on the same terms and conditions with certain modifications, i.e., the trial court ordered him to serve 365 days in the Los Angeles County Jail for his offense.

## II. ANALYSIS

Section 101(a)(43)(F) of the Act defines the term "aggravated felony" to include a "crime of violence" as defined in 18 U.S.C. § 16 (2006) for which the term of imprisonment was at least 1 year. A crime of violence is defined by 18 U.S.C. § 16 to include either: (a) an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another;" or (b) an offense that is a felony that by its nature involves a substantial risk that physical force will be used against another in the course of its commission.

The respondent raises two principal arguments on appeal in challenging the Immigration Judge's conclusion that his offense constitutes a "crime of violence" aggravated felony. First, he argues that the use, attempted use, or threatened use of physical force against the person of another, which is required by 18 U.S.C. § 16(a), need not be shown for a conviction under section 273.5(a) of the California Penal Code. He points out that under section 7(1) of the California Penal Code, the term "willfully" does not require any intent to injure another, thus precluding any showing that his offense involved the use, attempted use, or threatened use of physical force against the person of another. Secondly, he asserts that under California law, the 365-day jail term imposed by the trial court on July 24, 2007, did not represent a sentence to a "term of imprisonment of at least one year" in connection with his underlying criminal conviction. He claims instead that it was the result of his probation violation and constituted only a condition of his reinstated and modified order of probation. Consequently, he argues that he is not removable as an alien convicted of a "crime of violence" for which the term of imprisonment is at least 1 year.

## A.  Sentence Imposed After Violation of Probation

Addressing the respondent's latter argument first, we conclude, based on both Board and Federal precedent, that the modification of the respondent's sentence following his probation violation, which resulted in a sentence to confinement of 365 days, must be considered to be part of the penalty imposed against him for the original crime giving rise to immigration proceedings, rather than punishment for a separate offense.  The Supreme Court has addressed the issue whether the sanctions imposed upon the revocation of supervised release were part of the penalty for the initial offense or were punishment for the violation of the conditions of supervised release.  *Johnson v. United States*, 529 U.S. 694, 700-01 (2000).  In analyzing the question, the Court pointed out that the violative conduct need not be criminal.  *Id.* at 700.  Further, the finding of violative conduct need only be made by a judge under a preponderance of the evidence standard, not by a jury applying a beyond a reasonable doubt standard.  Noting that an issue of double jeopardy could arise where the acts of violation are criminal in their own right, and are the basis for separate prosecution, if the revocation of supervised release were also punishment for such acts of violation, the Court pointed out that treating post-revocation sanctions as part of the penalty for the initial offense avoided such difficulties.  The Court concluded that a prior sentence imposed after the revocation of supervised release is part of the penalty for the original offense.  *Id.* at 701; *see also Alabama v. Shelton*, 535 U.S. 654, 662 (2002) (noting that "[a] suspended sentence is a prison term imposed for the offense of conviction," and that "[o]nce the prison term is triggered, the defendant is incarcerated not for the probation violation, but for the underlying offense").

The United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises, addressed a similar issue in the sentencing context in *United States v. Jimenez*, 258 F.3d 1120, 1125-26 (9th Cir. 2001).  In that case, the Ninth Circuit commented that the fact that a 2-year sentence was imposed only after revocation of the defendant's probation was "not legally significant."  *Id.* at 1125; *see also United States v. Ruiz-Gea*, 340 F.3d 1181, 1185-86 (10th Cir. 2003) (stating that the sentence imposed after revocation is imposed for the original conviction); *United States v. Compian-Torres*, 320 F.3d 514 (5th Cir. 2003) (finding that the 2-year prison sentence imposed by the State court upon revocation of probation was part of the punishment for the original underlying drug offense, i.e., part of the "sentence imposed," rather than a sanction for separate misconduct or a new offense); *United States v. Hidalgo-Macias*, 300 F.3d 281, 285-86 (2d Cir. 2002) (holding that the imposition of a sentence of imprisonment following revocation of probation is a modification of the original sentence and must be considered part of the

"actual sentence imposed" for the original offense); *cf. Matter of Cota*, 23 I&N Dec. 849 (BIA 2005) (clarifying *Matter of Song*, 23 I&N Dec. 173 (BIA 2001), and holding that a trial court's decision to modify or reduce an alien's criminal sentence nunc pro tunc is entitled to full faith and credit by the Immigration Judges and the Board and that such a modified or reduced sentence is recognized as valid for purposes of the immigration laws without regard to the trial court's reasons for effecting the modification or reduction).

We find that where a criminal alien's sentence has been modified to include a term of imprisonment following a violation of probation, the resulting sentence to confinement is considered to be part of the penalty imposed for the original underlying crime, rather than punishment for a separate offense. Thus, the respondent's 365-day term of imprisonment, imposed following modification of his probation, represented a 1-year sentence for violating section 273.5(a) of the California Penal Code.[1]

## B. Crime of Violence

We next consider whether the respondent's violation of section 273.5(a) of the California Penal Code is a "crime of violence" under 18 U.S.C. § 16. The Ninth Circuit has held that an offense that may be treated as either a misdemeanor or a felony in the discretion of a State court is a "wobbler" offense. Section 273.5(a) of the California Penal Code is such an offense because it may be charged either as a misdemeanor or a felony. The relevant statutory language of section 273.5(a) provides as follows:

> Any person who willfully inflicts upon a person who is his or her spouse . . . corporal injury resulting in a traumatic condition, is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year . . . .

While the language of section 273.5(a) would appear to only prescribe the allowable punishment for a felony, when read in conjunction with section 17 of the California Penal Code, it is clear that the provision in section 273.5(a) allowing for imprisonment in a county jail for not more than 1 year is the maximum possible punishment for a misdemeanor. Under section 17 of the California Penal Code, a felony is a crime that is punishable by death or imprisonment in the State prison. Every other crime or public offense is a misdemeanor, except those offenses classified as infractions. The statute

---

[1] The respondent properly does not dispute that a sentence to 365 days of imprisonment constitutes a sentence to a term of 1 year for purposes of determining whether a conviction is for an aggravated felony under the immigration laws. *See Matsuk v. INS*, 247 F.3d 999, 1001-02 (9th Cir. 2001).

further states that when a crime is punishable, in the discretion of the court, by imprisonment in the State prison or by a fine or imprisonment in the county jail, it is a misdemeanor under a number of circumstances, including after a judgment imposing a punishment other than imprisonment in the State prison.

Because the respondent was ordered to serve 365 days in the Los Angeles County Jail, under California law his offense would be excluded from the definition of a felony. However, although he has not been convicted of a felony offense, his misdemeanor may nevertheless be an aggravated felony if there is a sentence to a term of imprisonment for at least 1 year. *See United States v. Gonzalez-Tamariz*, 310 F.3d 1168, 1171 (9th Cir. 2002) (holding that a crime may be classified as an aggravated felony under section 101(a)(43)(F) of the Act, without regard to whether the crime is labeled a felony or a misdemeanor under State law, when the crime is a "crime of violence" and the sentence imposed by the State court is 1 year); *see also Matter of Small*, 23 I&N Dec. 448, 450 (BIA 2002).

As noted above, for the respondent's misdemeanor offense to qualify as a "crime of violence" under 18 U.S.C. § 16(a), the offense must also have as an element the use, attempted use, or threatened use of physical force against the person or property of another. Section 273.5(a) of the California Penal Code provides that any person "who willfully inflicts upon a person who is his or her spouse . . . corporal injury resulting in a traumatic condition" is guilty of the offense. The relevant California criminal jury instructions state, in pertinent part, that in order to prove this crime, each of the following elements must be proved: (1) the person inflicted bodily injury upon his spouse; (2) the infliction of bodily injury was willful and unlawful; and (3) the bodily injury resulted in a traumatic condition. Cal. Jury Instr. – Crim. 9.35 (Fall 2009).

The respondent argues that under section 7(1) of the California Penal Code,[2] the term "willfully" does not require any intent to injure another and thus precludes any showing that his offense involved the use, attempted use, or threatened use of physical force against the person of another. However, according to authoritative decisions of the California courts, the term "willfully," as employed in section 273.5(a), has been interpreted to mean a purpose or willingness on the part of the actor to commit the act that results in corporal injury. *See People v. Campbell*, 90 Cal. Rptr. 2d 315, 317-18 (Cal. Ct. App. 1999) (following *People v. Thurston*, 84 Cal. Rptr. 2d 221, 224-25 (Cal. Ct. App. 1999)). Moreover, regarding a violation of section 273.5(a), the term "inflicts" has been defined to mean that the corporal injury must result

---

[2] This provision states that the word "willfully," when applied to the intent with which an act is done, implies simply a purpose or willingness to commit the act.

from a *direct application of force* by the perpetrator upon the victim. *People v. Jackson*, 91 Cal. Rptr. 2d 805, 808-10 (Cal. Ct. App. 2000). Finally, we note that section 273.5(c) defines "traumatic condition" as "a condition of the body, such as a wound or external or internal injury, whether of a minor or serious nature, caused by a physical force."

A person cannot be convicted under section 273.5(a) of the California Penal Code without willfully and directly applying upon another person a force that is of such violence as to cause a wound or external or internal injury to the victim. We are therefore satisfied that the use of physical force against the person of another is an element of the offense within the meaning of 18 U.S.C. § 16(a). *See generally Johnson v. United States*, 130 S. Ct. 1265 (2010).

Recently, the Ninth Circuit reached the same conclusion in a case involving a conviction under section 273.5(a) of the California Penal Code. *United States v. Laurico-Yeno*, 590 F.3d 818, 821 (9th Cir. 2010). In that case, the court found that because the California law prohibiting the willful infliction of corporal injury on spouse or cohabitant requires a direct application of force on the victim by the defendant, such intentional use of physical force against the person of another falls within the scope of a "crime of violence." *See also Vasquez-Hernandez v. Holder*, 590 F.3d 1053, 1055-56 (9th Cir. 2010) (noting that a conviction for corporal injury to a spouse under section 273.5(a) of the California Penal Code, which resulted in a sentence of 14 days in jail, was a conviction for a crime of domestic violence, that is, a "crime of violence" as defined under 18 U.S.C. § 16(a) that was committed by the alien against his spouse); *Maya-Cruz v. Keisler*, 252 Fed.Appx. 136 (9th Cir. 2007) (holding that an alien's conviction for the California offense of willful infliction of corporal injury on a spouse supported the order for his removal as an aggravated felon, even though the offense of conviction was charged as a misdemeanor and the alien, who was sentenced to 365 days in jail, was not sentenced to more than a year).

Although, as the respondent argues, section 7(1) of the California Penal Code provides that the term "willfully" does not require any intent to injure another, we find that this is not determinative. The "volition" requirement implicit in the term "use" relates to the application of force against the victim and not to the resulting infliction of injury. We therefore agree with the Immigration Judge's determination that the respondent's California conviction for inflicting corporal injury on a spouse qualifies categorically as a conviction for a "crime of violence" under 18 U.S.C. § 16(a). Consequently, because the respondent's conviction resulted in the imposition of a term of imprisonment of 1 year following his violation of probation, he is removable as an alien convicted of a "crime of violence" aggravated felony offense. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.