[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10321
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 17, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00314-TWT-CCH-1


UNITED STATES OF AMERICA,

Petitioner-Appellee,

versus

LUIS FELIPE ROSADO-SABIDO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 17, 2011)



Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Luis Felipe Rosado-Sabido appeals his 24-month sentence, imposed after he pled guilty to one count of reentry of a deported alien in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On appeal, Rosado-Sabido argues that the district court erred in finding that his previous conviction for receipt of stolen property constituted an aggravated felony, that the district court should not have aggregated his sentences, and that his sentence was substantively unreasonable. We affirm.

Rosado-Sabido first argues that his previous conviction for receipt of stolen property was not an aggravated felony and thus the conviction should not be used to enhance his sentence under U.S.S.G. § 2L1.2. Rosado-Sabido contends that the court did not sentence him to, and he could not have served, 365 days in jail beginning around May 1987 because he was deported to Mexico as early as September 1987.

We review a district court's factual findings for clear error. *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005). The district court's finding is clearly erroneous when our review of the evidence leaves us "with the definite and firm conviction that a mistake has been committed." *United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir. 1998). If the district court's weighing of the evidence between two possible interpretations was plausible, we will not disturb the district court's findings. *Id*.

The Sentencing Guidelines require that, if a defendant was previously deported after a conviction for an aggravated felony, the offense level should be increased by eight. U.S.S.G. § 2L1.2(b)(1)(C). For purposes of § 2L1.2, an aggravated felony is defined in 8 U.S.C. § 1101(a)(43)(G), the Immigration and Nationality Act. U.S.S.G. § 2L1.2, comment. (n.3). Section 1101(a)(43)(G) defines an aggravated felony as including a "theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. §1101(a)(43)(G).

The government produced a sentencing order in the district court that shows that Rosado-Sabido was sentenced to an additional 365 days for his 1986 conviction. In addition, we have held that although the defendant did not *serve* his entire sentence because he was deported, the length of the sentence *imposed* determined whether his prior conviction would constitute and aggravated felony. *United States v. Maldonado-Ramirez*, 216 F.3d 940, 943 (11th Cir. 2000). Therefore, the district court did not err in finding that Rosado-Sabido's prior conviction, for which the sentence imposed exceeded one year, was an aggravated felony that subjected him to an increased sentence for his illegal reentry offense.

Rosado-Sabido next argues that the district court erred by aggregating the receipt of stolen property's original sentence of 66 days, imposed in 1986, with the

second sentence of 365 days, imposed in 1987.  Specifically, Rosado-Sabido argues that ambiguity exists regarding whether the Immigration and Nationality Act, which references a "term of imprisonment," applies, or whether the application note to § 2L1.2, which defines the term "sentence imposed," applies. He argues that while it is clear under § 2L1.2 that "sentence imposed" includes sentence terms after probation revocation, the Immigration and Nationality Act does not explicitly state, with regard to a "term of imprisonment," whether probation revocation sentences are included.

We review a district court's legal interpretations of the Sentencing Guidelines *de novo*.  *United States v. Zaldivar*, 615 F.3d 1346, 1350 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 959 (2011).  However, when an appellant raises an issue for the first time on appeal, we apply the plain error standard of review. *United States v. Gresham,* 325 F.3d 1262, 1265 (11th Cir. 2003).  The appellant must show that an error occurred, that the error was plain, and that it affected his substantial rights.  *Id*.  Where a rule or statute plainly requires a court to do something, it is plain error for the court not to do so.  *United States v. Lejarde-Rada*, 319 F.3d 1288, 1290 (11th Cir. 2003).  But, where the explicit language of a rule or statute does not resolve an issue, and neither we nor the Supreme Court has resolved the issue, there can be no plain error. *Id.* at 1291.

4

The Immigration and Nationality Act, which defines an aggravated felony, states:

> Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.

8 U.S.C. § 1101(a)(48)(B). The Immigration and Nationality Act does not specifically note whether a "term of imprisonment" includes sentences imposed because of probation revocation. U.S.S.G. § 2L1.2 defines a "sentence imposed" as including "any term of imprisonment given upon revocation of probation, parole, or supervised release." U.S.S.G. § 2L1.2, comment. (n.1).

Even if Rosado-Sabido were able to demonstrate that the district court erred by relying on the "sentence imposed" definition under the comment to § 2L1.2 rather than the unclear "term of imprisonment" definition under the Immigration and Nationality Act, such reliance would not constitute plain error because neither we nor the Supreme Court has resolved that issue definitively. *See Lejarde-Rada*, 319 F.3d at 1291. While the commentary to § 2L1.2 specifically requires that courts look to the Immigration and Nationality Act for the definition of an aggravated felony, no rule or statute plainly requires a court to use the "term of imprisonment" definition instead of the "sentence of imprisonment" definition,

and there can be no plain error.  *See id.* at 1290.  Accordingly, the district court did not plainly err in this instance.

Finally, Rosado-Sabido argues that the 24-month sentence was greater than necessary to achieve the sentencing goals enumerated in 18 U.S.C. § 3553(a).  Particularly, he argues that the district court overemphasized deterrence, should have considered that he is assimilated into the United States, and that his sentence-enhancing conviction was both minor and stale.

When reviewing the reasonableness of a sentence, we apply an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 56, 128 S. Ct. 586, 600 (2007).  The sentence the district court imposes must be both procedurally and substantively reasonable.  *Id*. at 51, 128 S.Ct. at 597.  If there is no claim of procedural error, we review for substantive error. *See id*.  (holding that if the sentence is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence).  We review the totality of the facts and circumstances to gauge for substantive error.  *United States v. Irey*, 612 F.3d 1160, 1189-90 (11th Cir. 2010), *cert denied*, 131 S. Ct. 1813 (2011).  A sentence is substantively unreasonable if it fails to carry out the statutory purposes of sentencing under § 3553(a).  *United States v. Dean*, 635 F.3d 1200, 1209 (11th Cir. 2011), *petition for cert. filed*, (U.S. June 9, 2011) (No. 10-10987).  We have

noted that a sentence that is well below the statutory maximum is likely reasonable. *United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006). We will not presume a within-guidelines range to be reasonable, but we would ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

The district court explicitly stated that it had considered:

> The sentencing factors set forth in Title 18 U.S. Code 3553(a), specifically the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense and promote respect for the law, and the need to avoid unwarranted sentencing disparities.

The district court considered the statutory purposes of sentencing under § 3553(a), and the reasonableness of the sentence is further demonstrated because the 24-month sentence is well below the 20-year maximum. *Valnor*, 451 F.3d at 751-52. Finally, because the 24-month sentence is within the guidelines range, we can expect that the sentence is reasonable. *See Hunt*, 526 F.3d at 746.

Upon review of the record and consideration of the parties' brief, we affirm.

**AFFIRMED.**