**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO PEREZ RAMIREZ, | No. 10-71198 |
| Petitioner, | Agency No. A092-977-843 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2014[**]
Pasadena, California

Before: D.W. NELSON, PAEZ, and NGUYEN, Circuit Judges.

Antonio Perez Ramirez ("Perez Ramirez") petitions for review from a

decision by the Board of Immigration Appeals ("BIA") finding him removable as

an alien convicted of an aggravated felony. *Matter of Perez Ramirez*, 25 I. & N.

Dec. 203, 208 (BIA 2010). We lack jurisdiction to review the final order of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal based on Perez Ramirez's conviction for an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), but we "have jurisdiction to determine as a matter of law whether [his] conviction constitutes an aggravated felony" rendering him removable. *Prakash v. Holder*, 579 F.3d 1033, 1035 (9th Cir. 2009). We deny the petition.

The BIA did not err in finding Perez Ramirez removable.

First, his "conviction under California Penal Code [Section] 273.5(a) is a categorical crime of violence under 18 U.S.C. [Section] 16(a)[.]" *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1086 (9th Cir. 2010); *see also United States v. Ayala-Nicanor*, 659 F.3d 744, 752 (9th Cir. 2011) (reaffirming *Banuelos-Ayon*).

Second, his conviction was accompanied by a term of imprisonment of at least one year. The Immigration and Nationality Act unambiguously defines "term of imprisonment" in the context of this case. 8 U.S.C § 1101(a)(48)(B) ("Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part."). Here, when Perez Ramirez pled guilty to violating Section 273.5(a), the superior court suspended imposition of sentence and placed him on probation. The superior court subsequently revoked probation and imposed a 365-day jail term under Section 273.5(a). The imposition

2

of a jail term following an original suspension of sentence is clearly contemplated by "term of imprisonment" as defined in 8 U.S.C. Section 1101(a)(48)(B).

**DENIED.**

*Perez Ramirez v. Holder*, No. 10-71198

NGUYEN, Circuit Judge, concurring in the judgment:

I concur in the result but disagree with the majority's analysis. Perez Ramirez was placed on probation with imposition of sentence suspended following a conviction for violating California Penal Code section 273.5(a). One month shy of completing probation, he stipulated to violating the terms of probation; as a result, the court revoked his probation and reinstated it with the condition that Perez Ramirez serve 365 days of imprisonment in county jail.

The Board of Immigration Appeals ("BIA") found Perez Ramirez removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony after admission to the United States. *See Matter of Perez Ramirez*, 25 I. & N. Dec. 203, 208 (B.I.A. 2010). The Immigration and Nationality Act ("INA") defines "aggravated felony" inter alia as "a crime of violence . . . for which *the* term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F) (emphasis added).

On appeal, Perez Ramirez urges us to consider only his initial probationary sentence in determining whether *the* term of imprisonment accompanying his conviction under California Penal Code section 273.5(a) qualifies for purposes of removability. The majority rejects this proposition on the ground that the INA at 8 U.S.C. § 1101(a)(48)(B) has "unambiguously define[d] 'term of imprisonment' in

1

the context of this case" to include sentences imposed following violation of probation. Mem. Dispo. at 2. I respectfully disagree with the majority's view that Congress has in § 1101(a)(48)(B) "directly spoken to the precise question at issue." *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). Instead, I would analyze the BIA's interpretation of "term of imprisonment" as used in § 1101(a)(43)(F) under the two-step analysis enunciated in *Chevron*, and affirm the BIA's reading as "a permissible construction of the statute." *Id*. at 843.

## I.

"Our analysis begins, as always, with the statutory text." *United States v. Gonzales*, 520 U.S. 1, 4 (1997). Here, § 1101(a)(48)(B) says *absolutely nothing* on the topic of sentences imposed following a violation of probation. Rather, it merely defines "term of imprisonment . . . to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." § 1101(a)(48)(B). Thus, as the Third Circuit has noted, by its very terms, § 1101(a)(48)(B) simply serves as "an instruction about how to treat suspended sentences" under the INA. *United States v. Graham*, 169 F.3d 787, 790 (3d Cir. 1999); *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 368–69 (5th Cir. 2009) ("[Section 1101(a)(48)(B)] requires the sentencing court in the first

2

instance to order or impose imprisonment as part of the sentence, regardless of a later suspension.").

We ourselves said as much in *Retuta v. Holder*, 591 F.3d 1181 (9th Cir. 2010). In agreeing with the petitioner that § 1101(a)(48), as a whole, "excludes suspended sentences that do not involve a prison sentence," we noted that "[t]he placement of both sub-sections (A) and (B) in section 1101(a)(48) indicates they should be read together." *Id*. at 1187, 1189. Thus, we concluded that "[s]ubsection (B) . . . *modifies subsection (A)'s test of conviction to include a suspended period of incarceration* as a 'punishment, penalty, or restraint on the alien's liberty.'" *Id*. at 1189 (emphasis added). Our reading of § 1101(a)(48)(B) in *Retuta* thus underscores the conclusion that Congress specifically sought to "address[] *the suspension of sanctions* in subsection (B)." *Id*. at 1188 (emphasis added). Consequently, subsection (B) does nothing to render unambiguous the treatment of sentences imposed following violation of probation.

It is little wonder, then, that Judge Fletcher has previously (and, in my view, correctly) concluded that, "[i]n contrast to [§ 1101(a)(48)(B)'s] explicit inclusion of a suspended sentence in the definition of 'term of imprisonment,' *the statute says nothing about a sentence imposed as a result of a violation of probation*." *United States v. Moreno-Cisneros*, 319 F.3d 456, 463 (9th Cir. 2003) (Fletcher, J.,

3

dissenting) (emphasis added). The Eleventh Circuit has similarly observed that "[t]he Immigration and Nationality Act [at § 1101(a)(48)(B)] *does not specifically note whether a 'term of imprisonment' includes sentences imposed because of probation revocation.*" *United States v. Rosado-Sabido*, 443 F. App'x 444, 446 (11th Cir. 2011) (emphasis added).

## II.

The majority sidesteps § 1101(a)(48)(B)'s glaring silence on the topic of sentences imposed following violation of probation by reasoning that "[t]he imposition of a jail term following an original suspension of sentence is clearly contemplated by 'term of imprisonment' as defined in 8 U.S.C. Section 1101(a)(48)(B)." Mem. Dispo. at 3. The majority errs by failing to read § 1101(a)(48)(B) in conjunction with § 1101(a)(43)(F), which offers the governing definition for "aggravated felony." While § 1101(a)(48)(B) makes clear that a suspended sentence qualifies as a "term of imprisonment" for purposes of the INA, § 1101(a)(43)(F) specifically refers to "a crime of violence . . . for which *the* term of imprisonment [is] at least one year." (Emphasis added.)

Given this, the key inquiry is whether Perez Ramirez has suggested a reasonable interpretation of § 1101(a)(43)(F) in asking us to consider only his *first* probationary sentence for purposes of assessing his removability. I find this

4

reading at least debatable in light of § 1101(a)(43)(F)'s use of the definite article "the," as opposed to (for example) the indefinite article "a." Section 1101(a)(43)(F)'s use of the phrase "*the* term of imprisonment" could be read as referring only to the *initial* sentence accompanying the alien's conviction for a crime of violence—in Perez Ramirez's case, that would be probation with no term of imprisonment imposed. In contrast, if § 1101(a)(43)(F) had employed the phrase "*a* term of imprisonment," clearly the 365-day period of incarceration Perez Ramirez received following his violation of probation would count.[1]

The following example helps to illustrate further the operation of § 1101(a)(48)(B) and the ambiguity in § 1101(a)(43)(F). In the case of *People v. Wilcox*,

> [t]he trial court suspended imposition of sentence and placed defendant on five years' formal probation with 120 days in county jail. When defendant later admitted to violating his probation, the trial court imposed a 16-month state prison term, stayed execution of sentence, and reinstated probation. After defendant admitted another probation violation, the trial court terminated probation and ordered execution of the previously imposed 16-month state prison term.

158 Cal. Rptr. 3d 502, 503–04 (Cal. Ct. App. 2013). Under § 1101(a)(43)(F), the sixteen-month state prison term *actually imposed* could qualify as a sufficient

---

[1]Compare, for example, 8 U.S.C. § 1226(c)(1)(C), which concerns the detention of criminal aliens deportable for various offenses when "the alien has been sentence[d] to *a term of imprisonment* of at least 1 year." (Emphasis added.)

5

"term of imprisonment" for purposes of an "aggravated felony" conviction under the INA. Under § 1101(a)(48)(B), the sixteen-month state prison term for which *execution was suspended* could also qualify. Section 1101(a)(43)(F)'s reference to "a crime of violence . . . for which *the* term of imprisonment [is] at least one year" could be read, however, to refer only to Wilcox's 120-day county jail term.[2]

## III.

Thus, given the foregoing analysis, I cannot conclude that § 1101(a)(48)(B) "unambiguously defines 'term of imprisonment' in the context of this case." Mem. Dispo. at 2. I do find, however, the BIA's reading of "term of imprisonment" as including terms of imprisonment imposed following violation of probation to be an eminently reasonable one under the plain statutory text and our past precedent. *See, e.g.*, *United States v. Jimenez*, 258 F.3d 1120, 1125–26 (9th Cir. 2001). As such, I would affirm the BIA's finding of removability at *Chevron* Step Two. *See Chevron*, 467 U.S. at 843.

---

[2]And, of course, under *Chevron*, the question is not whether this reading "represents the best interpretation of the statute, but whether it represents a reasonable one." *Atl. Mut. Ins. Co. v. C.I.R.*, 523 U.S. 382, 389 (1998).